LEWIS BILLINGS v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY.

No. 15,148. (91 Pac. 72.)

SYLLABUS BY THE COURT.

JUDGMENTS—*Verdict for Nominal Damages—Special Finding of Specific Damage.* Where, in an action based upon a tort, the jury return a general verdict for nominal damages only, but in answer to a special question find that a substantial injury was sustained, for which they assess a stated compensation, a judgment rendered by the trial court for the sum of the two amounts so named will not be set aside on review at the instance of the plaintiff by reason of the apparent inconsistency between such verdict and finding.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed July 5, 1907. Affirmed.

*O. P. Ergenbright,* and *A. L. Billings,* for plaintiff in error.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: Lewis Billings brought an action against the Atchison, Topeka & Santa Fe Railway Company for malicious prosecution. A jury trial resulted in a

general verdict for the plaintiff for one dollar. In answer to a special question a finding was made that he had been put to an expense of $180 in his defense against the prosecution of which he complained. The court rendered judgment for $181, from which the plaintiff prosecutes error.

It is argued that according to the uncontradicted and unimpeached evidence adduced by the plaintiff he had suffered substantial injury outside of the specific item for which $180 was assessed as compensation, and that justice requires that a new trial be granted on that account. In the brief of the plaintiff it is said:

"Neither the jury nor the judge sitting as a juror in the hearing of the motion for a new trial allow plaintiff anything for the 'extreme humiliation and disgrace' that his undisputed testimony shows he suffered; and yet this was, without doubt, the actual damage from which plaintiff suffered most."

The former provision of the statute (Gen. Stat. 1901, § 4755) that "a new trial shall not be granted on account of the smallness of the damages, in an action for an injury to the person or reputation, nor in any other action where the damages shall equal the actual pecuniary injury sustained," has been repealed. (Laws 1905, ch. 332.) Therefore the trial court doubtless had the power, if convinced that there was just occasion for such action, to set aside the verdict on the theory that its amount was inadequate and that it was on that account contrary to the evidence. But there is nothing for this court to act upon in that connection. We cannot say that because there was no direct contradiction of certain testimony offered in behalf of the plaintiff the jury were bound to give it full credit, nor is their determination in that regard subject to review here. This is the general rule (*Taylor v. Modern Woodmen,* 72 Kan. 443, 83 Pac. 1099, 5 L. R. A., n. s., 283), and it applies with especial force to the plaintiff's personal statement of the extent of his mental suffering.

There is an obvious inconsistency between the general verdict and the special finding referred to. It is not clear why the jury, having decided in favor of the plaintiff and estimated his actual loss through the defendant's wrongful act at $180, returned a general verdict for only one dollar, but it does not follow that they were actuated by any unworthy motive. They may have been under a misapprehension as to the relation between the verdict and the finding—they may have supposed that the amount stated in the one need not be included in the other. Unless the trial court was convinced that the jury were guilty of some intentional misconduct in the matter, or acted under the influence of passion or prejudice, there was no occasion for granting a new trial; and unless a new trial were granted nothing remained to be done but to render the very judgment that was entered. The verdict and special findings alike established that the plaintiff was entitled to a judgment to the extent of the damages he had suffered. The finding with regard to the expenses of his defense established that he was entitled to $180 on that account, and the general verdict established that he had sustained no substantial injury in any other respect. The requirements of all parts of the jury's return were met by a judgment for $181.

The judgment is affirmed.